**Valenitaini MATAELE, Petitioner– Appellant,**

v.

**Claude E. FINN, Warden, Respondent–Appellee.**

No. 05–17282.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

Valenitaini Mataele, Represa, CA, pro se.

Stan M. Helfman, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

Valenitaini Mataele, a California state prisoner, appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging his convictions for infliction of corporal injury on the mother of his child, assault with force likely to produce great bodily injury, forcibly dissuading a witness, and battery. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Mataele contends that the inclusion of the pre–1999 version of California Jury Instruction, Criminal No. 2.50.02 in written instructions to the jury, and the prosecution's discussion of evidence of prior offenses at closing argument, violated his due process rights, because they impermissibly lowered the government's burden of proof by permitting the jury to convict him based solely on a preponderance of the evidence finding that he committed prior domestic violence offenses. We disagree.

The trial judge expressly told the jury they could not find Mataele guilty based solely on evidence of his prior offenses. We conclude that the California Court of Appeal's decision denying Mataele's due process claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d); *Estelle v. McGuire,* 502 U.S. 62, 74–75, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (holding that a specific limiting instruction precluded a reasonable likelihood that ambiguous instructions would have led a jury to convict the defen-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

dant of the charged offense based solely on evidence of prior acts); *cf. Gibson v. Ortiz*, 387 F.3d 812 (9th Cir.2004).

Mataele's motion to expand the Certificate of Appealability is denied. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**